UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL A. DeFRANCO and
MICHELLE ENGLER,

                 Plaintiffs,

                 v.

THE TOWN OF IRONDEQUOIT, et al.,

                 Defendants.
_____

DECISION & ORDER

06-CV-6442L

## PRELIMINARY STATEMENT

Plaintiffs Michael DeFranco and Michelle Engler have brought the above-captioned action against the Town of Irondequoit, the City of Rochester, the Town of Brighton and the Town of Greece, their respective police departments, and various individual police officers, alleging various claims arising from the execution of a search warrant on June 1, 2005 at plaintiffs' home by members of the Greater Rochester Area Narcotics Enforcement Team ("GRANET") – a task force comprised of various law enforcement agencies within Monroe County. (Docket # 1). Plaintiffs allege that during the warrant's execution, defendants used a battering ram to enter the building, assaulted them and shot one of their dogs, which later died. (*Id*.). Plaintiffs have asserted claims under 42 U.S.C. § 1983 alleging that defendants violated their Fourth, Fifth and Fourteenth Amendment rights, as well as various state law claims, including assault, battery, trespass to chattels, and intentional and negligent infliction of emotional distress. (*Id*.).

Currently pending before this Court is a motion by plaintiffs to compel the production of information and documents from the Town of Irondequoit related to the search warrant. (Docket # 25). Specifically, plaintiffs seek disclosure of the identity of the confidential informant whose allegations were reported in the application for the warrant, and production of the unredacted application, the informant's deposition that was attached to the application and any records reflecting the informant's activities for two years prior to the warrant's execution. (*Id*.). The Town of Irondequoit defendants, joined by the City of Rochester and Town of Greece defendants, have cross-moved for a protective order prohibiting the requested disclosure. (Docket ## 31-33). The Town of Brighton defendants oppose disclosure of the identity of the informant, but do not oppose production of the deposition and warrant application, provided that the informant's identity is suppressed. (Docket # 29).

## FACTUAL BACKGROUND

On June 1, 2005, Irondequoit Town Court Justice Vincent DiNolfo issued a search warrant for 3999 Culver Road in Rochester, New York. (Docket # 25-3, Exhibit ("Ex.") E). The application for the warrant included an affidavit by Irondequoit Police Officer Anthony DiFante ("DiFante") reciting information that DiFante had received from an informant regarding drug sales at that location. (Docket # 25-3, Ex. C). The informant was an individual who had been arrested earlier that day on unrelated charges. (*Id*. at A-132). DiFante affirmed that he had spoken to the informant in the afternoon following the arrest and that the informant had told him that he had purchased marijuana from an individual known as "Brian Angler" "hundreds of times" at 3999 Culver Road and had seen large quantities of marijuana there. (*Id*. at A-132-33).

The informant stated that Angler lived at that location with his father, who was the source of the marijuana. (*Id*.). The application also reported that the informant had advised that Angler "sells marijuana [at] all hours of the day and night" and that the informant had recently bought marijuana from Angler. (*Id*. at A-133). Attached to the warrant application was a deposition of the informant, who appeared before Judge DiNolfo and signed the deposition under oath. (*Id*.; Docket # 25-4, Ex. H at 2, 4). Members of GRANET executed the search warrant the same day that it issued, but did not find either Brian Angler[1] or substantial quantities of marijuana. They did find plaintiffs at the residence and arrested them on a misdemeanor charge of criminal possession of marijuana in the fifth degree, in violation of N.Y. Penal Law § 221.10. (Docket # 35-4, Ex. H at 2).

Represented in that criminal prosecution by the same counsel as in the current civil action, plaintiffs moved to suppress the seized marijuana, arguing that the application for the warrant did not satisfy either prong of the *Aguilar-Spinelli* test.[2] (Docket # 25-3, Ex. F at 4). Specifically, plaintiffs alleged that there had been no adequate showing of the informant's reliability. (*Id*.). They contended that because DiFante had met the informant on the same day that the warrant was issued, little or no effort could have been undertaken to confirm the reliability of the informant's information. (*Id*. at 2-6; Docket # 25-4, Ex. G at A-53-54).

---

[1] Plaintiff Michelle Engler's son is named Brian Engler. (Docket # 33-3 at 2).

[2] The *Aguilar-Spinelli* test derives from two Supreme Court cases: *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969). Together, the two cases require a court, when evaluating whether probable cause exists for a search warrant based on hearsay information, to determine whether the warrant application includes (1) information supporting a conclusion that the informant was reliable and credible, and (2) the basis for the informant's knowledge. In *Illinois v. Gates*, 462 U.S. 213 (1983), the Supreme Court abandoned this dual-pronged inquiry in favor of a "totality of the circumstances" test, but New York courts still adhere to the *Aguilar-Spinelli* test in interpreting its state constitution. *People v. Griminger*, 71 N.Y.2d 635 (1988).

Plaintiffs further argued that the informant's information must have been either false or stale because the search uncovered neither Brian Angler nor large quantities of marijuana. (Docket # 25-4, Ex. G at A-54-55).

Following an evidentiary hearing at which DiFante testified, Irondequoit Town Justice Joseph T. Grenier determined that the warrant was supported by probable cause. (Docket # 25-4, Ex. G at A-58). Plaintiffs thereafter pled guilty to unlawful possession of marijuana, a violation under N.Y. Penal Law § 221.05, and were each fined $100.00. (Docket # 33-2 at A-62-63). The determination of probable cause was affirmed on appeal by Monroe County Court Judge John R. Schwartz. (Docket # 25-4, Ex. H at 4). Specifically, Judge Schwartz held that the *Aguilar-Spinelli* test did not apply to the warrant at issue because the informant had "personally appeared before the issuing magistrate, and signed, under oath, a written supporting deposition." (*Id*.). The Court of Appeals subsequently denied plaintiffs' application for leave to appeal. (Docket # 33-4).

Plaintiffs filed this civil action on August 30, 2006. (Docket # 1).

## **DISCUSSION**

As a general matter, the government is privileged to withhold from disclosure the identity of individuals who provide information about criminal conduct. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "Substantial policy considerations override the need for full disclosure of informants' identities," such as "protect[ing] the anonymity of informants and [securing] the informants' continued cooperation in furnishing information regarding violations of law." *United States v. Mullen*, 243 F.R.D. 54, 70 (W.D.N.Y. 2006) (citing *Roviaro v. United*

*States*, 353 U.S. at 61).  Thus, in order "to overcome the privilege, the party seeking disclosure has the burden of establishing that the information sought is both relevant and essential to the presentation of his case on the merits . . . and that the need for disclosure outweighs the need for secrecy."  *Cullen v. Margiotta*, 811 F.2d 698, 715-16 (2d. Cir. 1987) (internal citations omitted), *cert. denied*, 483 U.S. 1021 (1987), *overruled on other grounds by Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987).  In criminal cases, for example, disclosure is warranted where a defendant will be deprived of a fair trial without it, *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997), or where the informant was a "key witness or participant" in the alleged crime whose testimony would be material to the defense.  *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989).

In civil cases, the burden a litigant seeking disclosure must shoulder is even weightier.  *In re United States*, 565 F.2d 19, 23 (2d Cir. 1977) ("there is ample authority for the proposition that the strength of the privilege is greater in civil litigation than in criminal") (collecting cases), *cert. denied*, 436 U.S. 962 (1978).  *See McCray v. Illinois*, 386 U.S. 300, 311 (1967) (declining to adopt rule requiring disclosure in criminal preliminary hearings "where the issue is one of probable cause, and guilt or innocence is not at stake").  It is therefore unsurprising that civil litigants often fail in their efforts to compel disclosure of informants' identities in Section 1983 cases challenging the validity of a search warrant.  *See, e.g.*, *Kirkland v. City of New York*, 2007 WL 1541367, *10 (E.D.N.Y. 2007); *Ayala v. City of New York*, 2004 WL 2914085, *3 (S.D.N.Y. 2004).  *But see Carbajal v. Village of Hempstead*, 2003 WL 23138447, *3 (E.D.N.Y. 2003) (where plaintiff's claim was for false arrest based upon

misidentity, court ordered disclosure because informant was "the only person to have direct contact with the suspect during the course of the drug transaction").

In the case at bar, although plaintiffs did not move for disclosure during the course of the criminal proceedings, they now assert that the informant's identity is necessary to challenge probable cause for the search warrant in this civil action. (Docket # 25-4, Ex. G at A-38; # 25-6 at 5-7). They maintain that "[t]he identification of a [confidential informant] in a criminal case is at best a collateral issue . . . [and] was not material to the [criminal] action," while the question of "[w]hether or not the informant's information was reliable, stale, coerced, or patently false is information both relevant and essential to the presentation of Plaintiffs' [civil] case on the merits." (Docket # 38 at 6; # 25-6 at 7). The informant's testimony is also necessary, plaintiffs argue, because the officer who applied for the search warrant, DiFante, claims to be unable to recall the details regarding the warrant and the informant. (Docket # 35 at 6).

Defendants oppose the requested disclosure principally on two grounds. First, they maintain that disclosure is not material to this civil action because the claims to which it would relate are barred by principles of collateral estoppel. (Docket # 33 at ¶ 17, # 39 at 1). Second, the Irondequoit defendants urge that disclosure be denied in order to protect the informant from possible retribution by plaintiffs.[3] (Docket # 33 at ¶¶ 18-19).

Under New York law, the doctrine of collateral estoppel, or issue preclusion, applies where (1) there is an "identity of issue which has necessarily been decided in the prior action and is decisive of the present action" and (2) there was "a full and fair opportunity to

---

[3] The basis for the alleged concern is set forth in a police report submitted in connection with this motion. (Docket # 33-4, Ex. D). Because I find the first argument compelling, I do not need, and choose not, to reach this second argument.

contest the decision now said to be controlling."[4] *Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) (citing *Schwartz v. Public Adm'r of Bronx County*, 24 N.Y.2d 65, 71 (1969)). The purpose of the doctrine is to "conserv[e] the time and resources of the parties and the court; promote[] the finality of judgments; preserve[] the integrity of the judicial system by eliminating inconsistent results; and ensure[] that a party not be able to relitigate issues already decided against it in prior litigation." *Id.* Certainly, these important interests would be undermined by an order requiring discovery, especially of a nature as sensitive as a confidential informant's identity, on claims that are legally foreclosed.

Here, the state court has already determined that the search warrant was supported by probable cause, and plaintiffs have fully litigated that determination in the state courts. *See Fuchsberg & Fuchsberg v. Galizia*, 300 F.3d 105, 110-11 (2d Cir. 2002) ("[d]iscretionary denial by the New York Court of Appeals of a party's motion for leave to appeal . . . is not equivalent to the absence of an *opportunity* to appeal, and does not prevent the underlying decision . . . from having collateral estoppel effect against the party in future proceedings") (emphasis in original). Plaintiffs are thus precluded from litigating that issue again in the context of this federal civil case. *Johnson v. Watkins*, 101 F.3d at 794 ("a federal court must, in according full faith and credit, give to a State court judgment the same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered").

Settled authority establishes that where, as here, a state court has determined that the challenged search warrant or warrantless seizure was supported by probable cause, the

---

[4] New York law applies because a federal court must "look to New York law to determine what preclusive effect would be given to findings made at a pretrial suppression hearing in a [New York State] criminal action." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996).

defendant may not relitigate that determination in a federal Section 1983 action. *See*, *e.g.*, *Allen v. McCurry*, 449 U.S. 90, 103-104 (1980) (acknowledging that collateral estoppel doctrine applies in Section 1983 cases including those asserting constitutional search and seizure claims); *Bourdon v. Roney*, 2003 WL 21058177, *6 (N.D.N.Y. 2003) (holding that collateral estoppel barred plaintiff from litigating in a Section 1983 case the issue of whether probable cause existed for search warrant where state court had previously held the warrant was validly issued); *Erwin v. Russi*, 1998 WL 474096, *5 (S.D.N.Y. 1998) (holding Section 1983 claim of unreasonable seizure foreclosed by state court determination of probable cause; noting "New York courts have consistently held that a civil rights claim rooted in the absence of probable cause is barred by the collateral estoppel doctrine where there was a prior judicial determination that probable cause existed") (collecting cases); *Brown v. De Fillipis*, 717 F. Supp. 172, 179 (S.D.N.Y. 1989) (dismissing Section 1983 claim challenging probable cause for arrest where state court had determined that issue in prior criminal proceeding). Plaintiffs maintain that the confidential informant's identity is relevant to the issue of probable cause for the warrant, which itself lies at the crux of their search and seizure and false arrest claims.[5] (Docket # 25-6 at 6-7). Because the issue of probable cause has been finally decided by the state courts in an action to which plaintiffs were parties, however, that determination is entitled to preclusive effect in this action.

        Plaintiffs argue that collateral estoppel does not apply because the state court did not determine the question of whether the informant's identity should be disclosed. (Docket # 38 at 6-7). That argument is misplaced. The salient question is whether the issue to which the

---

[5] The Complaint makes clear that plaintiffs' false arrest claim is premised on the contention that plaintiffs' arrests "were pursuant to a defective search warrant given that the information was both stale and incorrect and was not otherwise privileged." (Docket # 1 at ¶ 84).

8

requested disclosure relates – in this case, probable cause for the warrant – has been finally decided. Because it has, the requested disclosure no longer has relevance to any potentially meritorious claims. *See also* Fed. R. Civ. P. 26(b)(1) (limiting permissible discovery to any "nonprivileged matter that is relevant to any party's claim or defense"); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (the relevance standard in Rule 26 "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case") (citation omitted). *See also Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant [to a party's claim or defense]") (internal quotations omitted).

Accordingly, I find that disclosure is neither "relevant [nor] essential to the presentation of [plaintiffs'] case on the merits." *See Cullen v. Margiotta*, 811 F.2d at 715-16. For the same reasons, I decline to order defendants to produce the requested documents, which, like the informant's identity, relate only to plaintiffs' attempt to relitigate probable cause.[6]

---

[6] This decision only resolves the pending discovery motion. No defendant has moved to dismiss any of plaintiffs' claims on the grounds of collateral estoppel. Although authority exists supporting a court's *sua sponte* dismissal on the basis of collateral estoppel, *see Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998), I decline to convert this decision into a report and recommendation to the district court on that issue. I prefer to permit the parties to raise the issue, should they desire, at the time they choose and on the record they develop.

## **CONCLUSION**

For the reasons stated above, plaintiffs' motion to compel **(Docket # 25)** is **DENIED** and defendants' motion for a protective order **(Docket # 33)** is **GRANTED**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
        September  11 , 2009