UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL A. DeFRANCO and
MICHELLE ENGLER,

                             Plaintiffs,

                                                    DECISION AND ORDER

                                                    06-CV-6442L

                     v.

THE TOWN OF IRONDEQUOIT, et al.,

                             Defendants.
_____

       Plaintiffs have commenced this civil rights action, pursuant to 42 U.S.C. § 1983 and various state law claims relating to the execution of a search warrant on June 1, 2005 at 3999 Culver Road, Rochester, New York. Based on the execution of the warrant, plaintiffs were charged with criminal charges and both eventually pleaded guilty to unlawful possession of marijuana in violation of New York Penal Law § 221.05. Their conviction, and the determination of probable cause, was affirmed on appeal by the Monroe County Court and the New York State Court of Appeals subsequently denied plaintiffs' application for leave to appeal. Plaintiffs then filed this civil action.

       This Court referred all pretrial motions including discovery motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). The application for the search warrant was based in part on information from a confidential informant. The identity of that informant was not disclosed during the criminal proceedings but plaintiffs now move for an order

compelling the defendants to disclose the identity of that person and for other related documentation. Defendants have cross-moved for a protective order.

Magistrate Judge Payson issued a thorough Decision and Order (Dkt. #40) denying plaintiffs' motion to compel and granting defendants' motion for a protective order. Plaintiffs have filed objections (Dkt. #44) and appeal Magistrate Judge Payson's Decision and Order to this Court. Defendants have filed a memorandum (Dkt. #45) and affirmations (Dkt. #46, #47) in opposition to the objections and appeal.

After reviewing all of the referenced material, I see no basis to reject or modify Magistrate Judge Payson's Decision and Order on the disputed discovery issue. I, therefore, affirm that Decision and Order in all respects.

First of all, plaintiffs have a not insubstantial burden in seeking to reverse the Magistrate Judge's decision. Unlike other decisions where a Report and Recommendation is required, plaintiffs must demonstrate that the Magistrate Judge's decision is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a).

The litigated discovery issue involves defendants' refusal to disclose the identity of the confidential informant utilized to obtain the search warrant at issue. It is of course well recognized that the Government may withhold disclosure of a confidential informant. *See Roviaro v. United States,* 353 U.S. 53 (1957). The Government has a legitimate interest in protecting such individuals where their disclosure is sought in a criminal or civil case. The party seeking disclosure has the burden to establish his entitlement to production.

The basis for disclosure is, apparently, plaintiffs' present desire to challenge the probable cause for issuance of the warrant. As the Magistrate Judge correctly noted, civil litigants are often unsuccessful in compelling disclosure of informants' identities in § 1983 cases relating to the validity of search warrants. Magistrate Judge Payson discussed those decisions at page 5 and 6 of her Decision and Order.

The essence of Magistrate Judge Payson's Decision and Order was based on the doctrine of collateral estoppel. Plaintiffs' litigated the issue of probable cause in the criminal case and that determination of probable cause was affirmed on appeal. Magistrate Judge Payson cited scores of cases at page 7-8 of her decision in support of her decision that once the state court had determined that the challenged warrant was supported by probable cause the defendant may not relitigate that determination in a subsequent federal civil rights action. I concur with Magistrate Judge Payson's determination and those several cases cited by her.

I believe that plaintiffs had a full and fair opportunity to litigate the probable cause matter in a setting where such matters are most often litigated, that is, in a criminal proceeding. I see no good and just reason why plaintiffs should have a second opportunity to challenge probable cause for issuance of the warrant. Plaintiffs have failed to meet their burden of demonstrating that Magistrate Judge Payson's decision was clearly erroneous or contrary to law. Therefore, I reject the objections and deny the appeal.

CONCLUSION

Plaintiffs' objections and appeal (Dkt. #44) of the Decision and Order (Dkt. #40) of United States Magistrate Judge Marian W. Payson is denied, and I affirm that Decision and Order in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 16, 2009.