UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL A. DEFRANCO and MICHELLE ENGLER,

          Plaintiffs,

                     DECISION & ORDER
                     06-CV-6442FPG

v.

THE TOWN OF IRONDEQUOIT,
THE IRONDEQUOIT POLICE DEPARTMENT,
THE CITY OF ROCHESTER,
THE ROCHESTER POLICE DEPARTMENT,
THE TOWN OF BRIGHTON,
THE BRIGHTON POLICE DEPARTMENT,
THE TOWN OF GREECE,
THE GREECE POLICE DEPARTMENT,
AND KNOWN OR UNKNOWN GOVERNMENTAL UNITS AND LAW ENFORCEMENT
AGENCIES PARTICIPATING IN THE GREATER ROCHESTER AREA NARCOTICS
ENFORCEMENT TEAM,
ROCHESTER POLICE OFFICER R. APONTE,
ROCHESTER POLICE OFFICER M. CLARK,
BRIGHTON POLICE OFFICER MICHAEL DESAIN,
IRONDEQUOIT POLICE OFFICER ANTHONY DIFANTE,
IRONDEQUOIT POLICE OFFICER T.P. FITZSIMMONS,
SERGEANT J.M. HENDERSON (AGENCY UNKNOWN),
IRONDEQUOIT POLICE OFFICER D. MIDDLEBROOK,
IRONDEQUOIT POLICE OFFICER CHAD M. RAHN,
AND KNOWN OR UNKNOWN MEMBERS OF
THE IRONDEQUOIT POLICE DEPARTMENT,
THE ROCHESTER POLICE DEPARTMENT,
THE BRIGHTON POLICE DEPARTMENT, and
THE GREECE POLICE DEPARTMENT, individually
and in their official capacity,

                     Defendants.

---

## I. INTRODUCTION

Plaintiffs commenced this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, alleging that Defendants, individually and in their official capacity, violated their constitutional civil rights. Dkt. #1. Defendants Michael R. DeSain, Town of Brighton, Town of Brighton Police Department ("Brighton Defendants"), Town of Irondequoit, Irondequoit Police Department, Officer Anthony DiFante, Officer T.P. Fitzsimmons, Officer D. Middlebrook, Officer Chad M. Rahn ("Irondequoit Defendants"), Town of Greece, Greece Police Department, and Sergeant J.M. Henderson ("Greece Defendants"), by and through their attorneys, have moved for partial summary judgment requesting that the third (illegal search and seizure), sixth (false arrest) and eighth (civil rights violations based upon illegal search and seizure and false arrest) causes of action be dismissed. Dkt. ###62, 69, 73. Plaintiffs oppose the granting of summary judgment regarding the third and eighth causes of action, but have conceded the dismissal of the sixth cause of action due to their entry of guilty pleas to violating Penal Law § 221.05. Dkt. #77, ¶ 7.

## II. BACKGROUND

### A. State Court Proceedings

On June 1, 2005, members of the Greater Rochester Area Narcotics Enforcement Team ("GRANET"), a task force comprised of various law enforcement agencies in Monroe County, executed a search warrant at the home of the Plaintiffs located at 3999 Culver Road in Rochester, New York. The search warrant, issued on the same date by Irondequoit Town Justice Vincent DiNolfo, authorized a search of the premises "without giving notice" and was premised upon an application which included the affidavit of Irondequoit Police Officer Anthony DiFante

("DiFante") setting forth information received from an informant regarding drug sales and past and recent drug purchases from a resident Brian Angler ("Angler') at that location, and of large quantities of marijuana observed there. The deposition went on to state that Angler lived at the location and his father was the source of the marijuana. The search warrant application contained the deposition of the informant, who appeared before Justice Dinolfo and signed the deposition under oath. Although GRANET members did not locate Angler or substantial quantities of marijuana at the residence, they arrested Plaintiffs and charged them with criminal possession of marijuana in the fifth degree (Penal Law § 221.10), a misdemeanor.

Plaintiffs moved for suppression of the marijuana, arguing, *inter alia*, that the warrant application failed to satisfy either prong of the *Aguilar-Spinelli* test.[1] Following a suppression hearing, Irondequoit Town Justice Joseph T. Genier determined that the search warrant was supported by probable cause. Plaintiffs subsequently pled guilty to unlawful possession of marijuana (Penal Law § 221.05), a violation, and were each fined $100.00. Dkt. #30-2.

The probable cause determination was upheld on appeal to Monroe County Court, which also held the *Aguilar-Spinelli* test inapplicable to the search warrant in circumstances where the confidential informant "personally appeared before the issuing magistrate, and signed under oath, a written supporting deposition." Dkt. #25-4, Ex. H at 4. Thereafter, the New York Court

---

[1] The "totality of the circumstances" approach for evaluating whether probable cause exists for a search warrant based upon hearsay information from an undisclosed informant, as set forth in *Illinois v. Gates*, 462 U.S. 213 (1983), has not been adopted by New York courts. Instead, as a matter of state constitutional law, New York courts adhere to the two-pronged *Aguilar-Spinelli* test which requires veracity or reliability of the informant and the basis of the informant's knowledge (*People v. Griminger*, 71 NY2d 635 (1988)).

of Appeals denied Plaintiffs' application for leave to appeal. *People v. DeFranco*, 8 N.Y.3d 921 (2007).

## B. Federal Court Proceedings

On August 30, 2006, Plaintiffs filed this civil action. Dkt. #1. United States District Judge David G. Larimer referred all pretrial motions, including discovery motions, to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Dkt. #4. On January 26, 2009, Plaintiffs filed a First Motion to Compel Discovery (Dkt. #25), seeking disclosure of the identity of the confidential informant who provided information in support of the search warrant which led to their arrest. They argued that disclosure of the confidential informant's identity was relevant to the issue of probable cause for the search warrant, an issue at the heart of the illegal search and seizure and false arrest claims (Dkt. #25-6, at 6-7). Defendants cross-moved for a protective order. Dkt. ##30, 33.

Magistrate Judge Payson, citing settled authority, denied Plaintiffs' motion to compel and granted Defendants' motion for a protective order (Dkt. #40), reasoning that the doctrine of collateral estoppel[2] under New York law precluded them from re-litigating the issue of probable cause in the context of this federal civil rights case, because "the state court has already determined that the search warrant was supported by probable cause, and plaintiffs have fully litigated that determination in the state courts." *Johnson v. Watkins*, 101 F.3d 792, 794 (2d Cir. 1996) ("a federal court must, in according full faith and credit, give to a State court judgment the

---

[2] "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted).

4

same preclusive effect as would be given to the judgment under the law of the State in which the judgment was rendered").

Plaintiffs filed Objections to the Magistrate Court's Decision & Order ("Objections") and appealed the Decision and Order of Magistrate Judge Payson. Dkt. #44. Defendants opposed Plaintiffs' Objections and appeal. Dkt. ###45, 46, 47. United States District Judge Larimer denied the Objections and appeal and affirmed the Decision and Order in all respects. Dkt. #50. Plaintiff's Motion for Reconsideration (Dkt. #57) also was denied in its entirety. Dkt. #60. This decision deals with Defendants' request for partial summary judgment.

## III. DISCUSSION

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Regarding materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. More importantly, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Thus, the Court's function in deciding a summary judgment motion is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue

5

for trial." *Id.* at 249. When a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. *Id* at 250.

As the Court observed in *Duse v. International Business Machines Corp.*, 252 F.3d 151, 158 (2d Cir. 2001), "[i]n assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." (Citing *e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, "if the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of the claim, any factual disputes with respect to other elements of the claim become immaterial and do not suffice to defeat a motion for summary judgment." *Id.* (Citing *e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992), *cert. denied*, 508 U.S. 909 (1993); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11-12 (2d Cir. 1986) (the existence of a factual issue will not suffice to defeat a motion for summary judgment where that issue is not material to the ground of the motion), *cert. denied*, 480 U.S. 932 (1987)).

### B. Third Cause of Action-Illegal Search and Seizure

Plaintiffs' third cause of action is premised upon the claim of an illegal search and seizure in violation of the Fourth Amendment.[3] Specifically, Plaintiffs allege that "officers entered their home without Plaintiffs' consent, without knocking and announcing prior to entry or producing a search warrant upon entry"; the search warrant was defective in that it "contained

---

[3] The Fourth Amendment provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

6

no facts given which show the reliability of either (1) the informant or (2) his/her information, thereby failing to meet the *Aguilar-Spinelli* test" set forth in *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969); and during the course of the drug raid, Defendants used a battering ram on the kitchen door, opened fire within the residence and mortally wounded Plaintiffs' dog.

Defendants argue that Plaintiffs are barred from re-litigating in federal court issues concerning the validity of the search warrant and the existence of probable cause, stating that both of these issues have been conclusively determined during state court proceedings wherein Plaintiffs were provided with, and took full advantage of, the opportunity to fully litigate such issues. In opposing Defendants' motions for partial summary judgment dismissing the third cause of action, Plaintiffs, by and through their attorney, state that "[s]imply because police officers bear a valid search warrant does not mean that they are absolved from complying with constitutional requirements when executing the search." Dkt. # 77, ¶ 34. On this basis, they argue that significant material issues of fact exist regarding whether the search and seizures were reasonable. Dkt. #77, ¶ 38.

This Court disagrees that there are genuine issues as to any material facts warranting denial of the Defendants' motions for partial summary on Plaintiffs' third cause of action. Unquestionably, it is well settled under New York law that analysis pursuant to the *Aguilar-Spinelli* test is required in circumstances where an application for a search warrant includes the hearsay information from an undisclosed informant. *People v. Griminger*, 71 N.Y.2d 635, 639 (1988) ("We now hold that, as a matter of State constitutional law, the *Aguilar-Spinelli* two-prong test should be applied in determining whether there is a sufficient factual predicate upon which to issue a search warrant."). "When a warrant application is based not on the personal

7

knowledge of the police officer making the application but on information relayed to that officer by another person, the officer is in effect vouching for the reliability of an informant known to the police but not known to the Magistrate." *People v. Taylor*, 73 N.Y.2d 683, 688 (1989). Unlike in those situations, the reliability issues analyzed pursuant to the *Aguilar-Spinelli* test are not present in circumstances where the informant personally appears before the Magistrate making the determination of whether to issue the warrant and signs a written deposition. *Id.* ([the *Aguilar-Spinelli*] "standard is inapplicable where, as here, the witnesses appear and testify before the Magistrate, who is then himself in a position to assess their veracity in determining the existence of probable cause") (cite omitted). Here, following a suppression hearing, the state court determined that probable cause existed to support the issue of the warrant, and this determination was upheld on appeal.

That New York law applies in determining the preclusive effect of a New York State court judgment is not here in dispute. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). The issue of whether probable cause existed to support issuance of the search warrant having been fully and fairly litigated by Plaintiffs in the prior action and conclusively determined by the New York State courts, such determination is fully preclusive under New York's doctrine of collateral estoppel. Plaintiffs' continuing arguments regarding the unreasonableness of the search and seizure, based upon their claim that the informant's allegation of drug possession was untested, present no challenge to the state court's judgment regarding the search warrant's validity. As a matter of law, under no view of the factual allegations comprising the third cause of action can it be said that Plaintiffs have made the requisite showing that there is a genuine issue for trial in district court. Partial summary judgment requested by these Defendants as to the third cause of action is granted.

## C. Eighth Cause of Action-Violation of Civil Rights Pursuant to Section 1983

Plaintiffs also argue that significant material issues of fact exist regarding whether Defendants' actions, as a whole, violated their civil rights pursuant to 42 U.S.C. § 1983, thereby barring summary judgment on their eighth cause of action. Dkt. #77, ¶ 38. Civil liability under § 1983 is imposed upon any person who, under color of state law, subjects an individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Wimmer v. Suffolk County Police Dept.*, 176 F.3d 125, 137 (2d Cir. 1999). Section 1983, itself, is not "'a source of substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979)). Thus, it is imperative at the outset for a court to identify the specific constitutional right or rights alleged to have been violated. *Albright v. Oliver*, 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.") (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker v. McCollan*, 443 U.S. at 140).

The eighth cause of action of the Complaint in this case, which relies on and incorporates all of the factual allegations underlying the other seven causes of action (Dkt. #1, ¶¶ 1-97), alleges violations of Plaintiffs' civil rights under the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments.[4] Dkt. #1, ¶¶ 98-101. Specifically, Plaintiffs complain that violations of constitutional protections afforded thereunder occurred as follows:

> As a result of the aforementioned assault, battery, excessive force, illegal search and seizure, trespass to chattels, infliction of emotional distress, false arrest, negligent hiring and supervision,

---

[4] The Due Process Clause of the Fifth Amendment provides that "No person shall...be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Pursuant to the Fourteenth Amendment, "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

> GRANET officers displayed willful misconduct all in violation of
> Plaintiffs' constitutional and civil rights including but not limited
> to the right against unreasonable searches and seizures under the
> Fourth Amendment and the right to Due Process under the Fifth
> and Fourteenth Amendments.

Dkt. #1, ¶ 99. According to Plaintiffs, the alleged conduct relied upon as comprising this § 1983 cause of action was explicitly included to show "many other constitutional violations of their right under the Fourth Amendment to be 'secure in their persons, houses,...and effect [sic].'" Dkt. #77-4 at 5.

Movants seek partial summary judgment dismissing this cause of action on the grounds that the alleged illegal search and seizure premised upon a defective search warrant issued in the absence of probable cause is the genesis of all elements of this civil rights claim, and the issue of probable cause previously has been decided conclusively and definitively by both state and federal courts. Moreover, they point to Plaintiffs' voluntary guilty pleas entered in state court as foreclosing any questions regarding probable cause for their arrests and any false arrest claim. As previously determined herein-above, no genuine issue of material fact exists with respect to the claim of an illegal search and seizure in violation of the Fourth Amendment due to the application of the doctrine of collateral estoppel, and acknowledging the impact of their guilty pleas entered in state court, Plaintiffs have conceded the inability to establish the false arrest claim.

Resolving any ambiguities and drawing all factual inferences in favor of Plaintiffs, this Court agrees that Defendants' motions for partial summary judgment dismissing the § 1983 claim as set forth in the eighth cause of action should be granted. Although Plaintiffs have cast a wide net aggregating the elements of this cause of action, the inescapable conclusion is that no

genuine issue of fact exists for a trial of alleged constitutional and civil rights violations based upon an illegal search and seizure and, as earlier stated, Plaintiffs have conceded the dismissal of the sixth cause of action based upon false arrest. Finally, the respective assault, battery, excessive force, trespass to chattels, infliction of emotional distress, negligent hiring and supervision allegations included as part of the eighth cause of action are the principal components of separate causes of action articulated in the Complaint, most particularly, the first, second, fourth, fifth and seventh causes of action.

## IV. CONCLUSION

Defendants' motion for partial summary judgment dismissing the third, sixth and eighth causes of action, in their entirety, is granted. Furthermore, the parties are instructed to contact the Court not later than one week following the Status Conference scheduled on October 23, 2013 at 11:00 A.M. before Magistrate Judge Marian W. Payson to schedule a Status Conference with this Court for purposes of determining whether discovery is complete and a date may be set for the trial on the remaining issues.

IT IS SO ORDERED.

Dated: September 30, 2013
Rochester, New York

FRANK P. GERACI, JR.
United States District Judge